# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/27/2020** at 04:03:21 PM
Clerk of the Superior Court
By Carla Brennan, Deputy Clerk

Vincent W. Davis (SBN 125399)
Andre L. Clark (SBN 323654)
Law Offices of Vincent W. Davis & Associates
150 N. Santa Anita Avenue, Suite 200
Arcadia, CA 91006
Phone: (626) 446-6442
Facsimile: (626) 446-6454
Email: a.clark@vincentwdavis.com

Attorney for Plaintiff

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ANTONIO BERRY,<br><br>PLAINTIFF<br>v.<br><br>COUNTY OF SAN DIEGO, by and through THE METROPOLITAN TRANSIT SYSTEM; OFFICER ERIC ARELLANES, an individual and agent for County of San Diego; OFFICER ALEJANDRO CASAS, an individual and agent for County for San Diego; and DOES 1 through 50, inclusive,<br><br>DEFENDANTS. | Case No.: 37-2020-00005110-CU-CR-CTL<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FIRST CAUSE OF ACTION**<br>(Violation of Civil Rights (42 U.S.C. § 1983) – Fourth Amendment – Excessive Force))<br>Against **Defendants Arellanes** and DOES 1 through 50, inclusive,<br>**SECOND CAUSE OF ACTION**<br>(Violation of Civil Rights (42 U.S.C. § 1983) – Fourth Amendment – Failure to Provide Medical Treatment)<br>Against **Defendants Arellanes and Casas** and DOES 1 through 50, inclusive,<br>**THIRD CAUSE OF ACTION**<br>(Violation of Civil Rights (42 U.S.C. § 1983) – Fourth Amendment – Judicial Deception))<br>Against **Defendants** and DOES 1 through 50, inclusive,<br>**FOURTH CAUSE OF ACTION**<br>(*Monell*-related Claims)<br>Against **Defendant COSD/MTS** and DOES 1 through 50, inclusive,<br>**FIFTH CAUSE OF ACTION**<br>(Battery)<br>Against **Defendants Arellanes and Casas** and DOES 1 through 50, inclusive, |

COMPLAINT

1

EXHIBIT A-2

**DEMAND FOR A JURY TRIAL**

Plaintiffs allege the following:

## JURISDICTION

1. The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343. This suit is authorized by the Fourth Amendment to the United States Constitution and Title 42 U.S.C. § 1983. Plaintiff seeks monetary recovery in excess of $25,000 for damages incurred by him.

## PARTIES

2. The true names and capacities of the defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

3. Plaintiff ANTONIO BERRY ("Plaintiff") is an individual who, during all times relevant as described in more detail below, engaged with the San Diego County Metropolitan Transit System, by and through numerous employees, representatives, or agents of the same, in and around San Diego County.

4. Defendant COUNTY OF SAN DIEGO is a local public entity organized under the laws of the State of California (hereinafter referred to as "County of San Diego" or "COSD"). Defendant San Diego Metropolitan Transit System (hereinafter referred to as "MTS" or "the Agency") is an agency of Defendant COSD designated to administer laws and programs relating to enforcing laws on the governing the San Diego County Metropolitan Transit Systems. Collectively, COSD and MTS will be referred to hereinafter as "COSD/MTS."

5. At all times applicable herein, Defendant Eric Arellanes, (hereinafter "Defendant Arellanes") was a Code Compliance Inspector, on information and belief, in the County of San Diego, and an officer, agent, and employee of Defendant COSD/MTS. Defendant Arellanes is sued herein in

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

COMPLAINT

2

1   both his individual capacity and in his official capacity as an officer, agent, and employee of the Defendant COSD/MTS.

6. At all times applicable herein, Defendant Alejandro Casas, (hereinafter "Defendant Casas") was a Code Compliance Inspector, on information and belief, in the County of San Diego, and an officer, agent, and employee of Defendant COSD/MTS. Defendant Casaa is sued herein in both his individual capacity and in his official capacity as an officer, agent, and employee of the Defendant COSD/MTS.

7. Hereinafter, above-described Defendants will be referred to collectively as "Defendants."

8. Plaintiff is informed and believes and on such basis alleges that each of the above named defendants was and is the agent, employee, principal, or employer of each of the remaining defendants, and/or vice versa. In addition, Plaintiff is informed and believes, and on such basis alleges that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

9. Plaintiff is informed and believes, and thereon alleges, that each of the above-named defendants was acting under color of law in committing the acts herein alleged, and that in doing the things herein alleged, Defendants, and each of them, were acting within the course and scope of their duties as employees or agents of COSD/MTS.

10. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, as more fully alleged herein. Moreover, all of the Defendants agreed upon, approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this Complaint.

## COMMON ALLEGATIONS

11. On or about January 30, 2019, Defendant Arellanes and Defendant Casas were on duty conducting a fare inspection ("Fare Inspection") onboard Eastbound Blue Line Train #5, Light Rail Vehicle (LRV) #2001 out of Barrio Logan Trolley Station ("Train").

COMPLAINT

3

12. While conducting the Fare Inspection, Defendant Arellanes and Defendant Casas approached Plaintiff and asked Plaintiff for proof of eligibility to ride the Trian at a discounted rate pursuant to California Penal Code section 640(C)(3)(A).

13. Upon request, Plaintiff provided Defendant Casas with a Senior, Disabled, Medicare paper fare ticket, Plaintiff's social security documents indicating that Plaintiff is disabled, and Plaintiff's passport to prove Plaintiff's identity ("Proof of Eligibility").

14. After Plaintiff provided Defendant Arellanes and Defendant Casas with Proof of Eligibility to ride the Train at a discounted rate, Defendant Arellanes and Defendant Casas informed Plaintiff that said proof was invalid.

15. Plaintiff explained to Defendant Arellanes and Defendant Casas that he was told by other transit officers in the past that said proof was in fact valid, thus, at the time Defendant Arellanes and Defendant Casas were claiming that Plaintiff's Proof of Eligibility was invalid, Plaintiff had reason to believe the his Proof of Eligibility was in fact valid.

16. Defendant Arellanes and Defendant Casas then proceeded to issue Plaintiff a ticket for failure to provide valid proof.

17. Believing that there was no justification for issuing the ticket, Plaintiff refused to sign the ticket or provide Defendant Arellanes and Defendant Casas with additional documents.

18. Because of Plaintiff's refusal to sign the ticket or provide Defendant Arellanes and Defendant Casas with additional documents, Defendant Arellanes and Defendant Casas proceeded to arrest Plaintiff without a warrant.

19. During the arrest, **Defendant Arellanes applied several knee-strikes to Plaintiff's abdominal area.**

20. During the arrest, passengers that were nearby moved away from the immediate vicinity.

21. After the application of several knee-strikes to Plaintiff's abdominal area by Defendant Arellanes, Plaintiff requested several times for medical assistance because pain in Plaintiff's abdominal area.

22. Plaintiff was denied medical treatment by Defendants.

23. On or around August of 2019, Plaintiff requested to have the subpoenaed records from Defendant COSD/MTS released to Plaintiff.

24. Plaintiff never received the bodycam footage from Defendant Arellanes and Defendant Casas.

COMPLAINT

4

25. Plaintiff did receive video footage from the Train; however, said video footage was altered in that Defendant Arellanes application of several knee-strikes to Plaintiff's abdominal area has been edited out.

26. In an Incident Report (#19000343), **Defendant Casas admitted that Defendant Arellanes "applied several knee-strikes to [Plaintiff's] right abdominal area.**

### FIRST CAUSE OF ACTION
(Violation of Civil Rights (42 U.S.C. § 1983) – Fourth Amendment – Excessive Force)
Defendants Arellanes and DOES 1 through 50, inclusive

27. Plaintiff re-alleges paragraphs 1-26 and incorporates them herein as though fully set forth.

28. Plaintiff is informed and believes, and thereon alleges that an individual's right to be free from excessive force during the commission of an arrest under the Fourth Amendment is "clearly established" such that a reasonable code compliance inspector in **Defendant Arellanes's** situation would know it is unlawful to apply several knee-strikes to Plaintiff's abdominal area during the commission of an arrest.

29. On or around January of 2019, **Defendant Arellanes** was acting under color of state law when he acted, agreed and/or conspired to unlawfully apply several knee-strikes to Plaintiff's abdominal area during the commission of an arrest. **Defendant Arellanes** applied several knee-strikes to Plaintiff's abdominal area during the commission of an arrest without proper justification or authority. Further, **Defendant Arellanes's** actions were taken with deliberate indifference to Plaintiff's rights.

30. **Defendant Arellanes** maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiff's rights found in the Fourth Amendment of the United States Constitution, by, but not limited to, applying several knee-strikes to Plaintiff's abdominal area during the commission of an arrest without proper justification or authority.

31. By these actions, **Defendant Arellanes** interfered and/or attempted to interfere with Plaintiff's constitutional rights to be free from unwarranted seizures and excessive force during the commission of an arrest under the Fourth Amendment, as well as those rights under applicable California Law rising to the level of a constitutionally-protected right.

32. As the direct and proximate result of **Defendant Arellanes's** actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees,

COMPLAINT

5

costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

33. **Defendant Arellanes** and his respective entity is vicariously responsible for the conduct of all Defendants and DOES 1 through 50. **Defendant Arellanes** and DOES 1 through 25, are vicariously responsible for the conduct of all Defendants and DOES 26 through 50, inclusive, under applicable statutory and case law.

34. On information and belief, **Defendant Arellanes**, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable, vile and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

## SECOND CAUSE OF ACTION

**(Violation of Civil Rights (42 U.S.C. § 1983) – Fourteenth Amendment – Due Process – Failure to Provide Medical Assistance)**

**Against Defendants Arellanes and Casas and DOES 1 through 50, inclusive**

35. Plaintiff re-alleges paragraphs 1-34 and incorporates them herein as though fully set forth.

36. Plaintiff is informed and believes, and thereon alleges that an individual's right to medical attention, protection, and government aid once the government assumes a custodial relationship or created a known danger under the Fourteenth Amendment is "clearly established" such that a reasonable code compliance inspector in **Defendants Arellanes and Casas's** situation would know it is unlawful to deny Plaintiff medical attention, protection, and government aid to address the injuries resulting from Defendants Arellanes's application of several knee-strikes to Plaintiff's abdominal area during the commission of an arrest.

37. On or around January of 2019, **Defendants Arellanes and Casas,** and each of them, were acting under color of state law when they acted, agreed and/or conspired to unlawfully deny Plaintiff medical attention, protection, and government aid to address the injuries resulting from **Defendants Arellanes and Casas's** application of several knee-strikes to Plaintiff's abdominal area during the commission of an arrest. **Defendants Arellanes and Casas,** and each of them, engaged in the above-mentioned conduct without proper justification or authority. Further, Defendants' actions were taken with deliberate indifference to Plaintiff's rights.

38. **Defendants Arellanes and Casas,** and each of them, maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiff's rights found in the Fourteenth Amendment of

COMPLAINT

6

the United States Constitution, by, but not limited to, denying Plaintiff medical attention, protection, and government aid to address the injuries resulting from **Defendant Arellanes's** application of several knee-strikes to Plaintiff's abdominal area during the commission of an arrest, doing these acts without proper justification or authority.

39. By these actions, **Defendants Arellanes and Casas**, and each of them, interfered and/or attempted to interfere with Plaintiff's constitutional right to medical attention, protection, and government aid once the government assumes a custodial relationship or created a known danger under the Fourteenth Amendment, as well as those rights under applicable California Law rising to the level of a constitutionally-protected right.

40. As the direct and proximate result of **Defendants Arellanes and Casas's** actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

41. **Defendants Arellanes and Casas** and their respective entities are vicariously responsible for the conduct of all Defendants and DOES 1 through 50. **Defendants Arellanes and Casas** and DOES 1 through 25, are vicariously responsible for the conduct of all Defendants and DOES 26 through 50, inclusive, under applicable statutory and case law.

42. On information and belief, **Defendants Arellanes and Casas**, and each of them, acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard to the rights of Plaintiffs in a despicable, vile and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

### THIRD CAUSE OF ACTION
### (Violation of Civil Rights (42 U.S.C. § 1983) – Fourteenth Amendment – Judicial Deception))
### Against Defendants and DOES 1 through 50, inclusive

43. Plaintiff re-alleges paragraphs 1-42 and incorporates them herein as though fully set forth.

44. Plaintiff is informed and believes, and thereon alleges that an individual's right to be free from judicial deception and deliberate fabrication of evidence guaranteed under the Fourteenth Amendment is "clearly established" such that a reasonable code compliance inspector or individual assisting, aiding, and encouraging a code compliance inspector in **Defendants'** situation would know it is unlawful to subject an individual to criminal charges on the basis of

COMPLAINT

false evidence that was deliberately fabricated by the government, such that a reasonable code compliance inspector in the situation of said Defendants would know it is wrong to lie, fabricate evidence, and suppress exculpatory evidence.

45. On or around January of 2019, **Defendants**, and each of them, were acting under color of state law when they acted, agreed and/or conspired to unlawfully alter video footage of an unlawful arrest. Said defendants, and each of them, did so without proper justification or authority. Further, said defendants' actions were taken with deliberate indifference to Plaintiff's rights, and without regard to the truth or falsity of the evidence presented to the court.

46. **Defendants**, and each of them, maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, maliciously falsifying evidence, and presenting fabricated evidence and perjured testimony to the court, and maliciously refusing to provide exculpatory evidence, and violating the Constitutional rights of Plaintiffs.

47. By these actions, **Defendants**, and each of them, interfered and/or attempted to interfere with Plaintiff's constitutional rights to be free from judicial deception and deliberate fabrication of evidence under the Fourteenth Amendment, as well as those rights under applicable California Law rising to the level of a constitutionally-protected right.

48. As the direct and proximate result of **Defendants**, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

49. **Defendants** and their respective entities are vicariously responsible for the conduct of all Defendants and DOES 1 through 50, under applicable statutory and caselaw.

50. Said defendants and DOES 1 through 25, are vicariously responsible for the conduct of all Said defendants and DOES 26 through 50, inclusive, under applicable statutory and case law.

51. On information and belief, **Defendants**, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiffs in a despicable, vile and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

///

COMPLAINT

8

# FOURTH CAUSE OF ACTION

## (*Monell*-related Claims)

### Against Defendant COSD/MTS and DOES 1 through 50, inclusive

52. Plaintiff re-alleges paragraphs 1-51 and incorporates them herein as though fully set forth.

53. **Defendant COSD/MTS**, including through their respective entities, established and/or followed policies, procedures, customs, and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind the violations of Plaintiff's constitutional rights, including those under the Fourth and Fourteenth Amendments, by, but not limited to:

   a. The policy of denying an individual's Due Process right to medical attention, protection, and government aid once the government assumes a custodial relationship or created a known danger;

   b. The policy of applying several knee-strikes to the abdominal area of an individual during the commission of an arrest;

   c. The policy of using trickery, duress, fabrication and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the court;

   d. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing arrests;

   e. (This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings. Plaintiff reserves the right to amend this pleading as more information becomes available.)

54. **Defendant COSD/MTS**, including through their respective entities, breached their duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their

COMPLAINT

9

compliance with Constitutional safeguards; and by permitting Defendants and DOES 1 through 50, to engage in the unlawful and unconstitutional conduct as herein alleged.

55. **Defendant COSD/MTS** knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause Plaintiff to be injured and damaged by their wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such policies and/or training, and other acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to Plaintiff; and that such policies would subject them to injunctive relief which Plaintiffs asserts herein.

56. These actions, and/or inactions, of **Defendant COSD/MTS** are the moving force behind, and direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a result, Plaintiff's have sustained general and special damages, to an extent and in an amount to be proven at trial. In addition, Plaintiffs have incurred, and will continued to incur, attorneys' fees, costs, and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

## FIFTH CAUSE OF ACTION: BATTERY
### Against Defendants Arellanes and Casas

57. Plaintiff alleges the allegations in paragraphs 1 through 56 as though set forth fully herein.

58. During the time in which Plaintiff was under the care, control, and custody of **Defendants Arellanes and Casas**, said Defendants intentionally and recklessly did acts which resulted in harmful and offensive contact with Plaintiff's person, including but not limited to physically striking Plaintiff my means of applying several knee-strikes to the abdominal area of an individual during the commission of an arrest.

59. Because of **Defendants Arellanes and Casas** position of authority as Code Compliance Inspectors, Plaintiff was unable to, and did not, give meaningful consent to the aforementioned acts.

60. As a direct, legal and proximate result of the acts of **Defendants Arellanes and Casas**, and each of them, as aforesaid, Plaintiff sustained serious and permanent injuries to his person, all to his damage in an amount to be shown according to proof and within the jurisdiction to this Court.

61. As a direct, legal and proximate result of the aforesaid acts of **Defendants Arellanes and Casas**, and each of them, Plaintiff was compelled to and did employ the services of health care facilities, hospitals, physicians and surgeons, nurses, and the like, to care for and treat him, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and, upon such information and belief, alleges that he will necessarily, by reason of his injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

62. Plaintiff is informed and believes that the aforesaid acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code Section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

63. In compliance with California Government Code section 910, on or about July 24, 2019, Plaintiff present Defendants claims for injuries, disabilities, losses, and damages suffered and incurred by them by reason of the January 30, 2019, accident described in this Complaint, above. Defendants rejected these claims on July 26, 2019. A true and correct copy of said rejection was attached as an Exhibit. However, the clerk's office rejected the complaint with the Exhibit stating "all Exhibits must be bookmarked." When plaintiff revised the complaint and bookmarked the Exhibit the bookmark did not work on the scanned copy. Plaintiff is filing the complaint without the Exhibit to preserve the statute of limitations in this matter.

///

///

COMPLAINT

11

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants, as to all causes of action, as follows:

1. Plaintiffs demand a jury trial as to the issues so triable;
2. General damages and special damages according to proof;
3. *As against only the individual defendants* and not any municipality, punitive damages as allowed by law;
4. Attorneys fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;
5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);
6. Costs of suit incurred herein; and
7. Such other and further relief as the Court deems proper.

### DEMAND FOR A JURY TRIAL

Plaintiffs respectfully demand a jury trial for all claims asserted here.

Date: 1/24/2020

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

BY: _____
Andre L. Clark, Esq.
Attorney for Plaintiff
Antonio Berry

COMPLAINT

12

EXHIBIT A-13